```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
SUE DOWNES,                                                 :
                                                            :
                              Plaintiff,                    :
                                                            :        03 Civ. 8991 (GEL)
                    -v.-                                    :
                                                            :        **OPINION AND ORDER**
J.P. MORGAN CHASE & CO. et al.,                             :
                                                            :
                              Defendants.                   :
------------------------------------------------------------x
```

Shira Y. Rosenfeld and Charles B. Manuel, Jr., Manuel & Rosenfeld, LLP, New York, NY, for plaintiff.

Mark G. Cunha, Elaine M. Divelbliss, and Vincent R. Fitzpatrick, Simpson Thacher & Bartlett LLP, New York, NY, for defendants.

GERARD E. LYNCH, District Judge:

  Plaintiff Sue Downes brought this action claiming, among other things, that while an employee of defendant JP Morgan Chase & Co. ("Chase"), she was improperly denied ERISA and COBRA benefits and paid less than similarly-situated male employees. Defendants moved for summary judgment on all claims, while Downes moved for sanctions, including to strike defendants' Local Rule 56.1 Statement. The matter was referred to the Hon. Michael H. Dolinger, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Judge Dolinger submitted a careful and detailed R&R on March 21, 2006. After obtaining extensions of time, the parties duly submitted their objections to the R&R on May 1, 2006. Having carefully considered the objections, the R&R, and the full record in the case, and reviewing the issues presented *de novo*, the Court will overrule the objections and adopt the R&R as the

opinion of the Court. As recommended by Judge Dolinger, the Court will grant in part and deny in part defendants' summary judgment motion, and deny Downes's motion for sanctions.

I.  Downes's Objections

As a preliminary matter, it should be noted that Downes does not object either to the Magistrate Judge's recommendation that summary judgment should be granted to defendants on Downes's state law claims, or to the recommendation that Downes's motion for sanctions should be denied. (R&R 6-14; 69-70.) Accordingly, as no objection has been made to these recommendations, they are adopted as the opinion of the Court; summary judgment will be granted to defendants on the state-law claims, and Downes's motion for sanctions will be denied.

Downes's sole objection is to Judge Dolinger's recommendation to deny her ERISA and COBRA claims. Downes asserts that Judge Dolinger erred in "bypass[ing] the analysis of whether plaintiff was a common-law employee" (P. Obj. 2) and concluding that even if she was an employee, there is no "triable issue as to whether she met the more stringent criteria for eligibility defined by each of the Chase benefit plans" (R&R 28). Downes does not dispute Judge Dolinger's conclusion that in order to establish a denial of benefits guaranteed by ERISA (and COBRA), she must establish *both* "that she was an employee of the sponsor of the plan during the relevant period" *and* "that she met the eligibility criteria defined by the plans that provided benefits to employees." (R&R 27; cf. P. Obj. 3.) Nor does she present any argument that she actually met the defined criteria of the relevant benefit plans. She nevertheless argues that if she was a common-law employee under the first test, she somehow automatically meets the second, claiming that to recognize the benefit plans' "self-serving criteria" would allow the "employer to define a judicially determined employee out of a plan." (P. Obj. 5.)

2

Downes's argument is meritless. As noted by Judge Dolinger, to be eligible for the various benefit plans offered by defendant Chase during the relevant period, an employee was required to be on the Chase payroll and employed as a salaried Chase employee. The plans excluded employees rendering services as an independent contractor or "in the form of a commission or fee under contract."[1] (R&R 29-33.) As the R&R also documents, and as Downes does not dispute, "the record reflects, beyond triable dispute, that she did not meet those criteria while with Chase," in that she "was never a salaried employee of Chase and was never on the payroll of Chase," but instead was a contractor paid by independent employment agencies. (R&R 28-29, 29-30.)

Downes argues that giving force to these eligibility rules would somehow allow Chase to thwart ERISA by unilaterally declaring that some workers who fit the common-law definition of "employees" are nevertheless not "employees" after all. (P. Obj. 6.) But this is not so. As Judge Dolinger correctly stated, "ERISA does not compel an employee to establish any benefit plans, and it leaves to the employer the right to define which categories of workers will be eligible for the plans that it does establish." (R&R 36.) Whether or not the law would define a purported "independent contractor" as an "employee" for various purposes, including for purposes of ERISA coverage under a plan that applied to *all* "employees," nothing prevents an employer from specifying that its benefit plans apply only to employees that meet particular criteria, including a criterion providing that coverage does not extend to those whose payment is

---

[1] The formulations of the eligibility criteria differ from plan to plan and period to period. For instance, Chase's dental plan required only that an employee be a salaried Chase employee. (R&R 33.) However, the differences are immaterial as Downes does not dispute that she failed to meet the eligibility criteria of all the plans.

3

arranged in certain ways. Such an exclusion from plan coverage would have the legitimate purpose of permitting the employer to know in advance the liability it is assuming for employee benefits, and not subjecting itself to the uncertainty of future judicial resolution of the status of various workers under complex multi-factored tests relating to "employee" status. And there is no unfairness to the affected workers, who are fully capable of reading the clear and explicit explanations in the plans of which employees are covered, determining whether they qualify, and either negotiating for benefit-eligible status or declining the proffered job if such benefits are not provided. (Accord R&R 36-37.)

For the foregoing reasons, the analysis in the R&R is correct and is adopted as the opinion of the Court. Accordingly, summary judgment will be granted for defendants on Downes's ERISA and COBRA claims.

II.     Defendants' Objections

Defendants object to the R&R insofar as it recommends denying summary judgment on Downes's claims under the Equal Pay Act.

Most of defendants' objections may be dealt with summarily. Defendants repeatedly accuse the Magistrate Judge of finding issues of fact where no evidence supports Downes's position. (D. Obj. 5-19.) But whether defendants ultimately were aware of and had control of the wages of Downes and her alleged male comparators, whether those comparators were similarly-situated to Downes, whether their work was substantially equal to hers, and whether Downes and the comparators were employees of Chase, are quintessential fact questions as to which differing inferences can be drawn from the record before the Court, as Judge Dolinger's R&R meticulously demonstrates. That Downes's claim is weak or unlikely to be accepted by a

jury, or that the evidence on balance appears to favor defendants' position, does not entitle defendants to summary judgment.

Finally, at the end of their brief, defendants for the first time argue that Downes is not covered by the Equal Pay Act at all, because she is a computer professional paid in excess of $27.43 per hour, and therefore exempt from the Fair Labor Standards Act, of which the Equal Pay Act is a part, under an exception codified at 29 U.S.C. § 213(a)(17). (D. Obj. 20-23.) As Chase concedes, this argument "was not raised before the Magistrate Judge." (Id. 22.) This formulation somewhat understates the situation. *No* arguments in this case were "raised before the Magistrate Judge." The arguments of the parties were presented in connection with a motion for summary judgment addressed to this Court and referred by the Court to Judge Dolinger for Report and Recommendation. What defendants in effect claim is not that the Magistrate Judge was wrong to recommend denial of the summary judgment motion they *did* make, but that this Court should instead grant a different summary judgment motion based on an argument that has *never* been raised in this case, and that Downes has had no opportunity to address. Assuming that defendants are correct that this Court has discretion to consider this issue in connection with the instant motion for summary judgment, it declines to do so. Whether and how defendants' newly-advanced argument should be addressed will be determined in future proceedings.

Accordingly, defendants' objections to the R&R will be overruled, the R&R will be adopted as the opinion of the Court, and the defendants' summary judgment motion is denied with respect to Downes's Equal Pay Act claim.

## CONCLUSION

The parties' objections to the R&R are overruled, and the R&R is adopted as the opinion of the Court. Defendants' motion for summary judgment (#26) is denied as to Downes's Equal Pay Act claim, and is granted in all other respects. Downes's motion for sanctions (#38) is denied. The parties shall appear before the Court on May 26, 2006, at 10:00 a.m., for a pre-trial conference.

SO ORDERED.

Dated: New York, New York
May 8, 2006

GERARD E. LYNCH
United States District Judge